IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYLE MARK COULTAS,

           Plaintiff,

v.

CARROLL J. TICHENOR, Individually and in his Official Capacity as a Yamhill County Prosecutor; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; STEVEN PAYNE, Individually and in his Official Capacity as an Oregon State Police Crime Laboratory Detective; OREGON STATE POLICE,

           Defendants.

No. 3:19-cv-00021-HZ

OPINION & ORDER

Lyle Mark Coultas
PO Box 434
Gaston, OR 97119

           Pro Se Plaintiff

Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE

1 – OPINION & ORDER

Salem, OR 97301

Attorney for Defendants

HERNÁNDEZ, District Judge:

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses Plaintiff's Complaint for failing to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff alleges he was falsely accused of child molestation in 2001. During trial on those charges, the police and prosecutor committed fraud upon the trial court and violated his right to due process. He asks this Court to vacate his criminal convictions and award him various fees, expenses, compensatory damages, and punitive damages totaling $100,000,000.

## STANDARDS

Dismissal is appropriate if a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Review is limited to the contents of the complaint and its exhibits, *id.*, as well as matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to plaintiff. *Parks School of Business, Inc.*, 51 F.3d at 1484.

From the facts alleged, the court also must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## DISCUSSION

### I. Res Judicata

On May 8, 2018, Judge Mosman issued an order dismissing Plaintiff's complaint in the case of *Coultas v. Tichenor et al.*, 3:18-cv-596-MO. *Coultas v. Tichenor*, 2018 WL 2287023 (D. Or. May 8, 2018). Judge Mosman concluded that Plaintiff's complaint was barred by the doctrine of res judicata. Specifically, he found that Plaintiff had litigated the same claims, against the same defendants, twice before: in *Coultas v. Payne, et al.*, Case No. 3:11-cv-00045-AC and *Coultas v. Payne, et al.*, Case No. 3:12-cv-01132-AC. In the first case, Judge Acosta ultimately dismissed the claims against the same defendants based on Eleventh Amendment immunity, failure to state a claim, and the statute of limitations. *Coultas v. Payne et al.*, No. 3:11-cv-00045-AC, ECF Nos. 44, 100, 137. The Ninth Circuit Court of Appeals affirmed that decision on April 9, 2018. *Coultas v. Payne*, 699 F. App'x 749 (9th Cir. 2017) (Mem). In the second case, Judge Acosta determined, in part, that claim preclusion barred the relitigation of these issues and dismissed the case with prejudice. Findings and Recommendation, *Coultas v. Payne, et al.*, Case No. 3:12-cv-01132-AC, ECF 55.

Plaintiff has now filed a new complaint before this Court. The complaint names the same defendants and recites the same facts and allegations as the case previously before Judge Mosman. Indeed, the complaint reads almost verbatim. Thus, Defendants moved to dismiss to the complaint based on Judge Mosman's order and the doctrine of res judicata. In response, Plaintiff argues—as he did before Judge Mosman—that the case has never been heard and decided on the merits. He also argues that the new complaint identifies new harms that could not

have been raised in prior litigation. Specifically, he notes that (1) ORS § 166.255 went into effect on January 1, 2019 and prohibits him from owning a firearm, and (2) in January he was ordered to pay to remain on the sex offender registry.

Plaintiff's arguments are without merit. First, in an order denying Plaintiff's motion for re-consideration, Judge Mosman explained that although Judge Acosta did not reach the underlying facts of Plaintiff's claim, there was still a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (dismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits). Judge Mosman explained that "[i]t is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation." *Angel v. Bullington*, 330 U.S. 183, 190 (1947).

Second, Plaintiff has not identified new claims that could not have been raised in the prior litigation. A plaintiff may avoid res judicata by alleging "a new set of facts giving rise to a new claim." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1079 (9th Cir. 2003). Plaintiff cannot simply allege a new or more severe injury stemming from the same underlying conduct. *Id.* at 1079 n.12. Here, while Plaintiff may have identified new injuries—the inability to own a gun and the cost of sex offender registration— these injuries arise from the exact same conduct already litigated in the first case before Judge Acosta. Plaintiff has not identified any new acts that occurred after the last date alleged in the prior litigation.

The Court therefore follows the order issued by Judge Mosman on May 8, 2018 in the case *Coultas v. Tichenor et al.*, 3:18-cv-00586-MO and dismisses the complaint with prejudice.

## II. Attorney Fees

Based on the record, the Court declines to award attorney fees. However, the Court notes that this is Plaintiff's fourth case raising the same claims, and the third case in which these claims were dismissed because of claim preclusion. Plaintiff is advised that a new suit, based on the same claims, may result in an order imposing the pre-filing review of any future cases filed in this district. *See Harry and David v. Pathak*, 2012 WL 1309181, *2 (D. Or. Feb. 9, 2012) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) ("A district court may enjoin a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a), by issuing a[] pre-filing order requiring the litigant to seek permission from the court prior to filing any future suits.")).

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss with prejudice. The Court DENIES Defendants' request for attorney fees.

Dated this 23 day of April, 2019.

MARCO A. HERNÁNDEZ
United States District Judge